**DISTRICT OF COLUMBIA, Appellant,**

v.

**HEMAN WARD, INC., Appellee.**

No. 4759.

District of Columbia Court of Appeals.

Argued Oct. 7, 1969.

Decided Feb. 6, 1970.

Lewis D. Clarke, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst.

Corp. Counsel, were on the brief, for appellant.

Robert Sheriffs Moss, with whom Peter M. Kilcullen, Washington, D. C., was on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KELLY, Associate Judge.

The July, 1957 contract in which Heman Ward, Inc. (hereinafter Ward) agreed to build two bridges for the District of Columbia assessed against the contractor liquidated damages of $150 for each day that the job exceeded the completion period of 360 calendar days. During the course of construction, change orders and decisions of the contracting officer extended this completion period by 177 days. Because the actual completion date, April 10, 1959, was seventy-four days beyond the extended completion date, the contracting officer assessed liquidated damages of $11,100 against Ward.

Contending that the delay was excusable under Article 9 [1] of the contract, Ward appealed under this article and Article 15, [2]

---

1. Article 9. Delays—Damages.
   * * * *Provided,* That the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God or of the public enemy, acts of the District, acts of another contractor in the performance of a contract with the District, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather, or delays of subcontractors due to such causes, if the contractor shall within ten (10) days from the beginning of any such delay (unless the contracting officer, shall grant a further period of time prior to the date of final settlement of the contract) notify the contracting officer in writing of the causes of delay, who shall ascertion [sic] the facts and the extent of the delay and extend the time for completing the work when in his

judgment the findings of fact justify such an extension, and his findings of fact thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty (30) days, by the contractor to the Contract Appeals Board, whose decision on such appeal as to the facts of delay and the extension of time for completing the work shall be final and conclusive on the parties hereto.
   This provision is almost identical to the Article 9 often found in United States Government contracts. *See, e. g.,* United States v. Utah Constr. & Mining Co., 384 U.S. 394, 397 n. 1, 86 S.Ct. 1545, 16 L. Ed.2d 642 (1966); United States v. Brooks-Callaway Co., 318 U.S. 120 n. 1, 63 S.Ct. 474, 87 L.Ed. 653 (1943).

2. Article 15. Disputes.—Except as otherwise specifically provided in this contract, all disputes concerning questions arising under this contract shall be decided by the contracting officer subject to written appeal by the contractor within thirty (30) days to

the disputes clause, to the District of Columbia Contract Appeals Board (hereinafter the Board). Considering four of Ward's six separate appeals, the Board allowed Ward an additional twelve-day time extension. The remaining two claims were dismissed without a hearing. Ward then brought a breach of contract action against the District of Columbia in the District of Columbia Court of General Sessions for the remaining $9,300 withheld as liquidated damages. The record before the Board was stipulated as the record before the trial court and the case was considered on cross-motions for summary judgment.[3] The District of Columbia appeals from the trial court's decision on two of Ward's claims and from the court's remand to the Board of the two dismissed claims.

## I

Although neither party asserts the finality of the Board's decision, the fact that we have been cited to no District of Columbia authority denying finality to a factual determination by the Board and the strong "finality" language of Article 15[4] require us to comment on the question of review.

In Kenny Construction Company v. District of Columbia, 105 U.S.App.D.C. 8, 262 F.2d 926 (1959), the United States Court of Appeals for the District of Columbia noted that the presence of the Wunderlich Act[5] prevents the District from asserting United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951), as a bar to the finality provision in the standard disputes clause and held that the Board's decisions were not final as to questions of law. The rationale of *Kenny Construction* and the availability of many decisions of the United States Supreme Court[6] construing and applying standard United States contract provisions similar to those used by the District of Columbia[7] compel us to apply the Wunderlich Act standards of judicial review. Thus the Board's decision can be afforded no finality if it can be shown to be "fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."[8]

the Contract Appeals Board, whose decision shall be final and conclusive upon the parties thereto. * * * In the meantime the contractor shall diligently proceed with the work as directed.

This provision is similar to the standard disputes clause often used by agencies of the United States Government. *See, e. g.,* United States v. Joseph A. Holpuch Co., 328 U.S. 234, 236, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946); United States v. Carlo Bianchi & Co., Inc., 373 U.S. 709, 710 n. 2, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963).

3. Neither party contends that the dispute did not arise under the contract. *See* United States v. Utah Constr. & Mining Co., 384 U.S. 394, 86 S.Ct. 1545 (1966).

4. *See* n. 2 *supra.*

5. 41 U.S.C.A. §§ 321, 322.
    § 321. No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fradulent [sic] or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.
    § 322. No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board.

6. *See, e. g.,* cases cited notes 1 & 2 *supra.*

7. The pre-printed form containing the Ward-District of Columbia contract is designated: "U. S. Standard Form No. 23 (As modified for use by the District of Columbia) Revised by District of Columbia November 16, 1953."

8. 41 U.S.C.A. § 321.

## II

Ward originally claimed thirty-five days of excusable delay due to unforeseeable unusually severe weather from January 25, 1958, to March 1, 1958. The contracting officer allowed one day during the January portion of this period and eight days during February, 1958. Noting that unusually severe weather delayed the project during all of the twenty-eight days of February, 1958, but that twelve days of such weather was foreseeable,[9] the Board allowed Ward an additional eight days for completion. The trial court found substantial evidence to support the Board's February determination, but, because "there was no testimony in the record before the Board regarding foreseeability of unusually severe weather on these days in January," the court could find no substantial evidence to support the January finding and granted Ward the six January days as excusable delay.

The second excusable delay claim was for twenty-seven days that an access road, needed to haul heavy steel girders, was blocked by the excavation of another contractor under contract with the District. The trial court found that the Board's denial of this claim was not supported by substantial evidence and awarded Ward twenty-seven days excusable delay.

The District argues that the trial court erred because both decisions of the Board were, in fact, supported by substantial evidence.

▇ To determine whether the Board's findings were supported by substantial evidence, we must look to the entire record, or those parts to which the parties refer us, and ascertain whether such findings could be fairly and reasonably made. United States v. Carlo Bianchi & Company, Incorporated, 373 U.S. 709, 715, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963); Universal Camera Corporation v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Braniff Airways, Incorporated v. CAB, 126 U.S. App.D.C. 399, 408, 379 F.2d 453, 462 (1967).

▇ In our judgment the trial court erred in holding that the Board's finding that the contracting officer was correct in allowing only one day excusable delay for severe weather in January, 1958, was not supported by substantial evidence. We need not comment on the Board's finding that the January delay was never pleaded by Ward because the Board noted, and the record reflects, that a District of Columbia Highway Department engineer testified that Ward performed substantial work on all of the days in question except Saturdays and Sundays. The unquestioned testimony of the engineer, who was on site during the days in question and who testified from a diary, indicated that the work was productive and not limited to bad weather clean-up. When compared with the whole record this evidence appears to be substantial in that the Board's decision could be reasonably and fairly made, and therefore, the Board's finding on this point is final.

▇ The trial court also erred in finding no substantial evidence to support the Board's finding that the excavation of a sewer contractor did not block Ward's access to the site for the purpose of transporting heavy steel girders. A review of the whole record reveals substantial evidence to support the finding that during the period in question only part of the available

9. "The purpose of the proviso [almost identical to that in Article 9 (*supra* n. 1)] to protect the contractor against the unexpected, and its grammatical sense both militate against holding that the listed events are always to be regarded as unforeseeable, no matter what the attendant circumstances are. Rather, the adjective 'unforeseeable' must modify each event set out in the 'including' phrase. * * *

   *   *   *   *   *   *

Any contractor could shut his eyes to the extremest probability that any of the listed events might occur, submit a low bid, and then take his own good time to finish the work free of the compulsion of mounting damages, thus making the time fixed for completion practically meaningless and depriving the Government of all recompense for the delay." United States v. Brooks-Callaway Co., 318 U.S. 120, 122–124, 63 S. Ct. 474, 476 (1943).

access area was blocked by the sewer excavation. While recognizing the technical problems created by this particular overweight and overlength delivery, we can find no reason to invalidate the Board's finding that Ward could have constructed an access road (in an area which Ward had to eventually clear anyway) to the west of the route Ward allegedly intended to use.[10] The Board could have made this finding from Ward's own evidence—certain diagrams showing the weekly progress of the excavating, pipelaying, and backfilling operations through Ward's construction site. We also note that Ward's job manager testified, on cross-examination, that Ward never advised the sewer contractor that any particular access route would be needed for delivery purposes.

■■■ Substantial evidence does not mean overwhelming evidence. Even as to matters not requiring expertise, the "whole record" definition of substantial evidence does not allow a court to upset an administrative finding between two fairly conflicting views, even though the court could justifiably make a different finding if the matter were before it de novo. Universal Camera Corporation v. NLRB, *supra* at 488, 71 S.Ct. at 456. The whole record here would not justify a directed verdict in favor of Ward. Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

There is substantial evidence to support the Board's finding and, therefore, it is final.

### III

■■■ The District of Columbia also cites as error the trial court's order remanding to the Board for disposition on the merits two of Ward's previously dismissed appeals from the decision of the contracting officer. The Board's order, dismissing the appeals without a hearing, noted that Ward filed notices of appeal with the Board in March and May of 1959; that Ward failed to cite a reason, as requested by the Board in May of 1963, why the appeals should not be dismissed for failure to file an appeal petition within thirty days after filing a notice of appeal as required by the Rules of the Board; and that Ward failed to oppose the District's June, 1964, motion to dismiss.

While admitting that Ward's conduct was "dilatory" and that the appeals were not prosecuted "diligently and expeditiously," the trial court found, as a matter of law, that the Board was "overtechnical in its requirements and that in the interests of substantial justice [Ward] should be afforded an opportunity to exhaust its administrative remedies and to present evidence in support of these appeals." We cannot agree.[11]

There was nothing arbitrary, unreasonable, or unfair about the Board's Rules or the Board's application of them. Refusing to oppose a motion for dismissal below, Ward cannot now, on appeal, contest the resulting dismissal order. By failing to perfect the appeal, Ward is in the same position as any claimant who has failed to exhaust his administrative remedies. "The view has been consistently espoused that a contracting officer's determination shall be considered final and conclusive unless an appeal is lodged within the 30-day period set out in the disputes clause. Appeals after such time cannot be entertained." Schlesinger v. United States, 383 F.2d 1004, 1008, 182 Ct.Cl. 21 (1967).

Reversed with instructions to enter judgment for appellant.

---

10. Because this finding was affirmed by the Board's decision on reconsideration, we need not consider other consistent findings made by the Board either in its original decision or upon reconsideration which would be cumulative as to the disposition of Ward's interrupted-access claim.

11. In reaching this conclusion we do not consider the documents appended to appellee's appendix to its brief which were not part of the record and were not considered by the trial court.